CHIEF JUSTICE TURNAGE,
dissenting.
¶39 I respectfully dissent from the majority opinion.
¶40 The District Court concluded that the handwritten trust document executed by Jerome Cate met the requirements of the Montana Statute of Wills and would be valid as a holographic will. It further concluded that JoAnn Cate had produced no persuasive authority that an otherwise valid testamentary disposition which was never revoked is invalid simply because the testator chose to designate the disposition as “irrevocable.”
¶41 Under long-settled rules of construction of testamentary instruments, including trusts, the testator’s intent controls. See, e.g., Estate of Bollinger (1997), 284 Mont. 114, 120-21, 943 P.2d 981, 985. On this record, Jerome Cate’s intent is crystal clear — to create a testamentary trust for his daughters. The reason for that intent is also clear — to pass on to his blood descendants mineral interests which he himself had inherited from his mother and her brother as part of his family legacy. If the majority cannot discern that intent, then their vision is fogged.
¶421 would affirm the decision of the District Court.